The opinion of the court was delivered by
DeBlanc, J.
In October 1877, Eliza Snider obtained, in her own and her children’s names, a judgment in which they are recognized as the owners of certain lands then in possession of one M. C. Smith. In and by the same judgment, the said Smith was allowed the sum of eleven hundred dollars for the buildings which he had placed on said lands.
From that decree, Eliza Snider et als. did not appeal, but N. C. Smith, and John C. Loze, called in warranty by him, did; and — under the order granted to that effect — they each filed a bond in the amount fixed for a suspensive appeal.
After the filing of the bonds, Smith transferred to Loze the judgment rendered in his favor, in October 1877, and — on the 2áth of January 1878 — the transferee caused execution to issue on said judgment. In so doing, he expressly renounced to, and abandoned the appeal taken by him and that taken by Smith.
On the 27th of February 1878, Eliza Snider filed a petition in which, she prayed that the writ of ft. fa. issued for the benefit of Loze be *1237 enjoined and annulled. No injunction was ordered, and — we presume— because slie had herself abandoned the purpose of enjoining the execution of the writ.
Acting under that writ, the sheriff seized the land of which Smith had been evicted and the improvements which he had built thereon. A notice of that seizure was served on a curator ad hoc appointed to Eliza Snider, and, on the 16th of March last, after advertisement and appraisement, the lands and improvements were adjudicated to John O. Loze & Co for three hundred and fifty dollars.
As we have already said, Eliza Snider’s petition for an injunction was filed on the 27th of February. Her demand was based on the grounds:
1. That — as soon as the appeal bonds were filed — the jurisdiction of the district court ceased and that of this court attached.
2. That — without first withdrawing the appeals taken — no execution could legally issue on the judgment appealed from.
We have found, in the transcript, a document in these words: “Plaintiff — Eliza Snider — prays that the judgment rendered in favor of M. C. Smith and against her, in the original suit, for $1100 for improvements, be decreed satisfied etc.”
This document does not appear to have been filed. Not a single word in the petition of the 27th of February suggests the satisfaction of said judgment, and that document — which may have been improperly transcribed in the record — is foreign to and disconnected from any issue raised in plaintiff’s pleadings.
The authorities relied upon by plaintiff are not applicable to the state of facts presented in this case. We admit “ that, when the Supreme Court has once acquired jurisdiction of an appeal, it can not permit the appellant to withdraw his appeal, without the consent of an already cited appellee: ” but it has never been held that one can not — after he has taken an appeal from a judgment — renounce to and abandon his appeal, and acquiesce in and execute the judgment.
In such a case, what is the appellee’s right? “He may obtain a copy of the record, bring it up to the appellate court, and pray either for judgment, or for the dismissal of the appeal.” In this instance, plaintiff has exercised that right.
C. P. 588, 589, 590.
In Savoie vs Thibodeau, we said that a party has the right to abandon his appeal, acquiesce in the judgment appealed from at any time, and enforce’it. That view, we still consider as correct. 29 A. 52.
Had the document, in which plaintiff alleges that the judgment transferred by Smith to Loze has been satisfied, been embodied in the prayer of her petition and formed a part of it: had that prayer been *1238 preceded by the reasons given in the brief as to how and when that judgment was extinguished, and that is by confusion, that defencewould not have been supported by the evidence adduced on the trial. That evidence shows that a judgment obtained by Smith against Eliza-Snider et als, was — by Smith — transferred to Loze, and executed by the-latter. That transfer neither did nor could extinguish plaintiff’s liability-under said judgment.
From the answer filed in this Court, we presume that the claim for damages, urged by defendants in the lower court, has been abandoned.. The fact that no injunction was ordered, has — it is probable — induced the defendants to abandon that claim.
No cause has been alleged, much less proven, which would have justified the granting of the injunction applied for, or authorized the granting of the execution issued, at the request of Loze.
It is, therefore, ordered, adjudged and decreed that the judgment, appealed from is affirmed with costs.